LOCKE LORD BISSELL & LIDDELL LLP
Thomas J. Cunningham (SBN: 263729)
tcunningham@lockelord.com
Nina Huerta (SBN: 229070)
nhuerta@lockelord.com
300 South Grand Avenue, Suite 2600
Los Angeles, California 90071
Telephone:    213-485-1500
Facsimile:    213-485-1200

Attorneys for Defendants
GMAC MORTGAGE, LLC (erroneously named as
"GMAC Mortgage, a wholly owned subsidiary of
GMAC LLC") and DEUTSCHE BANK NATIONAL
TRUST COMPANY, AS TRUSTEE FOR MORTGAGEIT 2006

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO OFFICE

| | |
|---|---|
| JOSE FLORES and AMY LYNN FLORES, <br><br> Plaintiffs, <br><br> vs. <br><br> GMAC MORTGAGE, A WHOLLY OWNED SUBSIDIARY OF GMAC LLC and DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORTGAGEIT TRUST 2006, <br><br> Defendants. | CASE NO. 09-CV-01216-GEB-GGH <br><br> Judge Garland E. Burrell, Jr. <br><br> **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> DATE:   September 14, 2009 <br> TIME:   9:00 a.m. <br> PLACE:  Courtroom 10 <br><br> Filed concurrently with: <br> 1. [Proposed] Order; and <br> 2. Request for Judicial Notice. |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on September 14, 2009, at 9:00 a.m., or as soon thereafter as the matter may be heard in the above-entitled Court, Defendants GMAC Mortgage, LLC (erroneously named as "GMAC Mortgage, a wholly owned subsidiary of GMAC LLC")("GMACM") and Deutsche Bank National Trust Company, as Trustee for

1  theMortgageITTrust 2006 (the "Trust") will bring for hearing before the Honorable Garland E.
2  Burrell, Jr., United States District Judge, in Courtroom 10 of the United States Courthouse located at
3  501 I Street, Sacramento, California  95814, a Motion to Dismiss the First Amended Complaint of
4  Plaintiffs Jose and Amy Lynn Flores.
5        This Motion is brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.
6  This Motion is based on this Notice of Motion, the incorporated Memorandum and Points of
7  Authorities, the Request for Judicial Notice filed concurrently with this Motion, the pleadings,
8  papers and records on file in this action, and such oral argument as may be presented at the time of
9  the hearing.  This Motion seeks dismissal with prejudice of all claims asserted in Plaintiffs' First
10 Amended Complaint.

12 Dated:  August 7, 2009                    LOCKE LORD BISSELL & LIDDELL LLP

14                                            By:  /s/ Thomas J. Cunningham
                                                  Thomas J. Cunningham
15                                                Nina Huerta

16                                            Attorneys for Defendants
                                              GMAC MORTGAGE, LLC and DEUTSCHE
17                                            BANK NATIONAL TRUST COMPANY, AS
                                              TRUSTEE FOR MORTGAGEIT 2006
18

# TABLE OF CONTENTS

I.  INTRODUCTION ..................................................................................................................1

II. RELEVANT FACTS AND ALLEGATIONS.................................................................3

III. ARGUMENT ......................................................................................................................4

    A.    Applicable Legal Standard......................................................................................4

    B.    Plaintiffs' TILA Claim (Count One) Fails as a Matter of Law...............................5

        1.    Plaintiffs' Claim for Rescission is Inadequately Pled................................5

        2.    Plaintiffs Have Not and Cannot State a Claim for Damages Based on Failure to "Void" the Loan. .......................................................................7

        3.    Plaintiffs are Judicially Estopped from Bringing their TILA Claim. ..........8

    C.    Plaintiffs' RESPA Claim (Count Two) Fails as a Matter of Law. .........................9

    D.    Plaintiffs' TILA and RESPA-Derivative UCL Claim (Count Three) Fails as a Matter of Law. ........................................................................................................11

    E.    Plaintiffs' FCRA Claim (Count Four) Fails as a Matter of Law. .........................11

    F.    Plaintiffs' Claim for Breach of the Implied Covenant and Fair Dealing (Count Five) Fails as a Matter of Law. ............................................................................13

IV. CONCLUSION..................................................................................................................14

i

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT**
*Flores v. GMAC Mortgage, et al.*, Case No. 09-CV-01216-GEB-GGH

# TABLE OF AUTHORITIES

**Federal Cases**

*Amparan v. Plaza Home Mortgage, Inc.*,
  No. 07-4498 JF, 2008 WL 5245497 (N.D. Cal. Dec. 17, 2008) .................................................. 13

*Ashcroft v. Iqbal*,
  129 S. Ct. 1937 (2009) .................................................................................................................. 4, 5

*Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*,
  459 U.S. 519 (1983) ..................................................................................................................... 5, 13

*Balistreri v. Pacifica Police Dep't*,
  901 F.2d 696 (9th Cir. 1988) ........................................................................................................ 4

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544, 127 S. Ct. 1955 (2007) ........................................................................................... 4, 5

*Connors v. Home Loan Corp.*,
  No. 08-1134 L, 2009 WL 1615989, (S.D. Cal. June 9, 2009 .................................................... 14

*Cortez v. Keystone Bank, Inc.*,
  No. 98-2457, 2000 WL 536666 (E.D. Pa. 2000) ........................................................................ 10

*Edelman v. Bank of Am Corp.*,
  No. 09-00309 CJC, 2009 WL 285858 (C.D. Cal. Apr. 17, 2009) ............................................ 6

*Farmer v. Countrywide Financial Corp.*,
  No. 08-1075 AG, 2009 WL 1530973 (C.D. Cal. May 18, 2009) ............................................ 5

*Garza v. Am. Home Mortgage*,
  No. 08-1477 LJO, 2009 WL 188604 (E.D. Cal. Jan. 27, 2009) .............................................. 6

*Guerrero v. Citi Residential Lending, Inc.*,
  No. 08-1878 LJO, 2009 WL 926973 (E.D. Cal. Apr. 3, 2009) ................................................ 6

*Hamilton v. State Farm Fire & Cas. Co.*,
  270 F.3d 778 (9th Cir. 2001) ........................................................................................................ 8

*Hay v. First Interstate Bank of Kalispell, N.A.*,
  978 F.2d 555 (9th Cir. 1992) ........................................................................................................ 8

*Lal v. American Home Mortgage Servicing*,
  Case No. 09-CV-01585-MCE-DAD, Docket No. 1, Ex. B (E.D. Cal.) .................................. 3

*Lomboy v. SCME Mortg. Bankers*, No. 09-1160 SC, 2009 WL 1457738, (N.D. Cal. May 26, 2009 14

*Microsoft Corp. v. A-Tech Corp.*,
  855 F. Supp. 308 (C.D.Cal. 1994) ............................................................................................... 11

ii

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT**
*Flores v. GMAC Mortgage, et al.*, Case No. 09-CV-01216-GEB-GGH

*Neighbors v. Mortgage Electronic Registration Systems, Inc.*,
  No. C08-5530 PJH, 2009 WL 192445 (C.D. Cal. Jan. 27, 2009) .................................................. 8

*Nelson v. Chase Manhattan Mortgage Corp.*,
  282 F.3d 1057 (9th Cir. 2002) .................................................................................................. 13

*Nelson v. Equifax Information Services, LLC*,
  522 F. Supp. 2d 1222 (C.D. Cal. 2007) .................................................................................... 12

*Nichols v. GreenPoint Mortgage Funding, Inc.*,
  No. 08-750 DOC, 2008 WL 3891126 (C.D. Cal. Aug. 19, 2008) .......................................... 6, 13

*Pagtalunan v. Reunion Mortgage Inc.*,
  No. 09-00162 EDL, 2009 WL 961995 (N.D. Cal. Apr. 8, 2009) ................................................ 6

*Petracek v. American Home Mortgage Servicing*,
  Case No. 09-CV-01403-GEB-KJM, Docket No. 1, Ex. B (E.D. Cal.) ......................................... 3

*Pineda v. GMAC Mortg., LLC*,
  No. CV 08-5341 AHM, 2008 U.S. Dist. LEXIS 106173 (C.D. Cal. Dec. 29, 2008) .................. 10

*Pirouzian v. SLM Corp.*,
  396 F. Supp. 2d 1124 (S.D.Cal. 2005) ..................................................................................... 12

*Quezada v. Loan Center of California, Inc.*,
  No. 08-177 WBS, 2008 WL 5100241 (E.D. Cal. Nov. 26, 2008) ............................................. 13

*Ralston v. Mortgage Investors Group, Inc.*,
  No. 08-536 JF, 2009 WL 688858, (N.D. Cal. Mar. 16, 2009) .................................................. 13

*Rissetto v. Plumbers & Steamfitters Local 343*,
  94 F.3d 597 (9th Cir. 1996) ........................................................................................................ 8

*Ruff v. Americans Servicing Co.*,
  No. 07-0489, 2008 WL 1830182, (W.D. Pa. Apr. 23, 2008 ...................................................... 14

*Russell v. Rolfs*,
  893 F.2d 1033 (9th Cir. 1990) .................................................................................................... 8

*Saavedra v. GMAC Mortgage, LLC*,
  No. 07-7050 AG, Docket No. 122, slip op. at 5-6 (C.D. Cal. Mar. 31, 2009) ............................. 6

*Yamamoto v. Bank of New York*,
  329 F.3d 1167 (9th Cir. 2003) ................................................................................................. 5, 7

*Yeager v. City of San Diego*,
  No. 05-CV-2089, 2007 U.S. Dist. LEXIS 40381, (S.D. Cal. June 1, 2007 ................................. 4

iii

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT**
*Flores v. GMAC Mortgage, et al.*, Case No. 09-CV-01216-GEB-GGH

**State Cases**

*Mitsui Mfrs. Bank v. Superior Court*,
    212 Cal. App. 3d 726 (4th Dist. 1989) .......................................................................................... 14

*Racine & Laramie, Ltd. v. Dep't of Parks and Recreation*,
    11 Cal. App. 4th 1026 (1992) ....................................................................................................... 14

**Federal Statutes**

12 U.S.C. § 2605(e)(1) ........................................................................................................................ 9

12 U.S.C. § 2605(e)(1)(B) ............................................................................................................. 9, 10

12 U.S.C. § 2605(e)(2) ........................................................................................................................ 9

12 U.S.C. § 2605(f)(1) ...................................................................................................................... 10

12 U.S.C. § 2605(i)(3) ........................................................................................................................ 9

15 U.S.C. § 1635(b) ............................................................................................................................ 5

15 U.S.C. § 1635(g) ............................................................................................................................ 5

15 U.S.C. § 1640 ................................................................................................................................. 5

15 U.S.C. § 1681s-2(a) ..................................................................................................................... 13

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT**
*Flores v. GMAC Mortgage, et al.*, Case No. 09-CV-01216-GEB-GGH

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Plaintiffs Jose and Amy Lynn Flores entered into a mortgage loan transaction with MortgageIT, Inc. on January 11, 2006. (FAC ¶ 13 and Ex. A).[1] Plaintiffs subsequently defaulted on their repayment obligations and sought protection under Chapter 7. Plaintiffs' bankruptcy proceeding terminated in March 2009, but they are still in default on their mortgage loan and are facing imminent foreclosure. Having exhausted all other options—except perhaps repaying their loan or giving up the property—Plaintiffs have commenced this lawsuit against their loan servicer, GMACM, and the Trust that currently holds their loan asserting, *inter alia*, violations of the Truth in Lending Act, the Real Estate Settlement Procedures Act and the Fair Credit Reporting Act. Plaintiffs' claims are factually and legally unsustainable and should be dismissed with prejudice.

The starting point for Plaintiffs' claims is their contention that they did not receive proper Notices of Right to Cancel ("NRC") in violation of TILA, and that they are therefore entitled to an extended right of rescission for up to three years from closing. Plaintiffs claim they exercised that "right" on December 31, 2008—just a few weeks before the three-year period would have expired, coincidentally—by sending a letter to GMACM and MortgageIT, but that the Trust wrongfully refused to deem their loan "void" and release its security interest. Plaintiffs also maintain that the same letter, sent by their "Mortgage Litigation Consultant," was both a notice of intent to rescind *and* a "Qualified Written Request" under RESPA, and that GMACM and the Trust failed to adequately respond. Plaintiffs further contend that GMACM "has reported the Flores loan as delinquent despite the pending rescission matter" in violation of the FCRA. (FAC ¶81). Finally, Plaintiffs assert claims for violation of the Unfair Competition Law and breach of the implied covenant of good faith and fair dealing based on the same general allegations.

**First**, even setting aside any question of whether Plaintiffs *may* rescind their loan, they have not stated a viable claim for rescission *or* damages under TILA because (a) they did not provide Defendants with an adequate notice of their intent to rescind, and (b) even if they had, they have not

---

[1] Plaintiffs allege in their First Amended Complaint ("FAC") that the loan transaction occurred "on or about" January 12, 2006. (FAC ¶ 13). However, the loan documents attached to the FAC are dated January 11, 2006. (*Id.* Ex. A).

1

1  tendered the amounts they borrowed as TILA requires, and indicate no willingness, ability or
2  intention to do so.  Indeed, Plaintiffs make the assertion that they are entitled to free and clear title to
3  the property "without obligation on their part to pay for it."  (FAC ¶ 50).  Plaintiffs are also
4  judicially estopped from asserting any TILA claim because they failed to list the purported claim on
5  their schedule of assets in the bankruptcy proceeding and have received a discharge based on that
6  representation.

7  **Second**, Plaintiffs have not stated a claim under RESPA because (a) their "Mortgage
8  Litigation Consultant's" letter was not a Qualified Written Request ("QWR") as defined under
9  Section 2605(e) of the statute, (b) GMACM timely and appropriately responded to the
10  correspondence in any event, and (c) Plaintiffs fail to allege that they suffered any actual damages or
11  are entitled to statutory damages based on GMACM's response.

12  **Third**, Plaintiffs' TILA and RESPA-derivative claims under the UCL fail because the
13  underlying claims fail.  (FAC ¶ 74).  Plaintiffs' UCL claim based on GMACM's actions in
14  Plaintiffs' bankruptcy proceedings should also be dismissed because Plaintiffs fail to allege any
15  unfair, unlawful or fraudulent conduct by GMACM or the Trust.  (FAC ¶¶ 75-76).

16  **Fourth**, Plaintiffs' claim under the FCRA must be dismissed because the section of the
17  FCRA they seek to enforce does not provide for any private right of action, and Plaintiffs have not
18  alleged any actual violation of the statute in any event.

19  **Finally**, Plaintiffs' breach of implied covenant of good faith and fair dealing fails because the
20  implied covenant is not recognized in the context of a mortgage loan transaction.

21  Plaintiffs have filed this baseless lawsuit in a transparent attempt to gain leverage in loan
22  modification negotiations and/or delay an imminent foreclosure resulting from their default.  The
23  FAC brings causes of action that are clearly unavailable based on the conduct alleged, and is
24  internally inconsistent.  In light of these severe deficiencies, which cannot be cured by amendment,
25  and for the additional reasons set forth below, the FAC cannot survive this Motion and should be
26  dismissed in its entirety and with prejudice.

27
28

## II. RELEVANT FACTS AND ALLEGATIONS

On January 11, 2006, Plaintiffs signed a promissory note and deed of trust in favor of MortgageIT. (FAC Ex. A). At closing, Plaintiffs were each given two copies of an NRC, which notified them:

> You have a right under federal law to cancel this transaction, without cost, within three business days from whichever of the following events occurs last:
> 1) the date of the transaction, which is January 11, 2006; or
> 2) the date you receive your Truth in Lending Disclosures, or January 11, 2006 [*sic*]
> 3) the date you receive this notice of your right to cancel.

(FAC Ex. B at Ex. B thereto). The loan was subsequently assigned to the Trust.

On November 24, 2008, Plaintiffs petitioned for Chapter 7 bankruptcy in the Eastern District of California, Case No. 08-37210. (*See* Plaintiffs' Voluntary Bankruptcy Petition, Request for Judicial Notice ("RJN") at Ex. 1). On December 1, 2008, Plaintiffs filed an amended "Schedule B-Personal Property." (RJN at Ex. 2). Neither the original nor the amended schedule identified any purported right of rescission or any of the other claims asserted in this proceeding. On December 24, 2008, the Bankruptcy Trustee filed a Report of No Assets in the bankruptcy proceedings. (RJN at Ex. 3).

On December 31, 2008, "Mortgage Litigation Consultants" sent a form letter to GMACM and MortgageIT on behalf of Plaintiffs (the "December 2008 Letter" or "Letter").[2] (FAC ¶¶ 24, 38 and Ex. B). In the Letter, Plaintiffs' representative asked for essentially every document GMACM might have in its files concerning Plaintiffs' loans. (FAC Ex. B at 2). With the exception of a statement that "[t]he loan being serviced is defective," the Letter made no other reference to GMACM's servicing of the loan. (*Id.*) The Letter also stated that the NRCs Plaintiffs received at closing were deficient, giving Plaintiffs a right to rescind the loans. (*Id.* at 2-3). Without making any offer to tender, the Letter set forth an "option to settle" that included lowering the principal balance of the loan "to the fair market value of the property" and fixing the interest rate at 5.25%. (*Id.* at 3). The Letter went on to threaten, in the alternative, "[i]f you reject our settlement or we do

---

[2] The Letter does indeed appear to be a form utilized by Plaintiffs' counsel for all of her "Mortgage Litigation Consultants'" clients. *See*, *e.g.*, *Petracek v. American Home Mortgage Servicing*, Case No. 09-CV-01403-GEB-KJM, Docket No. 1, Ex. B (E.D. Cal.), and *Lal v. American Home Mortgage Servicing*, Case No. 09-CV-01585-MCE-DAD, Docket No. 1, Ex. B (E.D. Cal.).

3

1  not come to a resolution, by this letter . . . Mr. and Mrs. Flores hereby rescinds [*sic*] the above
2  referenced loan."  (*Id.*).

3  GMACM received the Letter on January 12, 2009 and responded on January 20.  (FAC Ex.
4  E).  GMACM enclosed a copy of the account payment history, along with copies of the note, deed of
5  trust and HUD-1 settlement statement related to the loan transaction.  (*Id.*).  GMACM also invited
6  Plaintiffs to follow up with specific questions or concerns they may have regarding the servicing of
7  their loan.  (*Id.*).

8  Due to Plaintiffs' continued default, on February 17, 2009, GMACM filed a request for relief
9  from the automatic stay in the bankruptcy so that it may enforce the security interest in the Plaintiffs'
10 property.  (RJN Ex. 4).  On March 3, 2009, the bankruptcy court granted Plaintiffs a discharge.
11 (RJN Ex. 5).  On April 3, 2009, the court lifted the automatic stay so that GMACM may proceed
12 with foreclosure.  (RJN Ex. 6).  Plaintiffs filed this action on May 4, 2009, having exhausted all
13 other options to delay foreclosure.

14 **III.    ARGUMENT**
15       **A.    <u>Applicable Legal Standard.</u>**

16 Where a complaint fails to articulate grounds for a plaintiff's entitlement to relief, it must be
17 dismissed.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007);
18 *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  A complaint containing mere
19 "labels and conclusions," or "formulaic recitations of the elements of a cause of action" may not
20 stand.  *Twombly*, 127 S. Ct. at 1964-65, 550 U.S. at 555.  Likewise, "bald assertions, unsupportable
21 conclusions, periphrastic circumlocutions and the like need not be credited.  *Yeager v. City of San*
22 *Diego*,
23 No. 05-CV-2089, 2007 U.S. Dist. LEXIS 40381, (S.D. Cal. June 1, 2007).  As the United States
24 Supreme Court recently explained in *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009), "[t]hreadbare
25 recitals of the elements of a cause of action, supported by mere conclusory statements, do not
26 suffice."  A court is not required to "accept as true a legal conclusion couched as a factual
27 allegation."  *Id.*  A plaintiff must allege facts—not formulas or stock legal conclusions—that are
28 sufficient to "raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555, 127 S.

4


Ct. at 1966, (citations omitted); *Iqbal*, 129 S. Ct. at 1949 (holding that a plaintiff must plead facts that are more than "merely consistent with" a defendant's liability in order to state a claim). Furthermore, it is not appropriate for a court to assume that a plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

### B. Plaintiffs' TILA Claim (Count One) Fails as a Matter of Law.

In Count One of their FAC, Plaintiffs allege that the Trust violated certain provisions of TILA and purport to seek "[d]amages pursuant to 15 U.S.C. § 1635(g) and 15 U.S.C. § 1640." (FAC ¶¶ 28-56). Plaintiffs' TILA claim fails for several reasons. Plaintiffs' claim for rescission under Section 1635, to the extent they intend to assert one, is deficient because they have failed to tender or even allege they can and will tender back the amounts they borrowed. Plaintiffs' claim for statutory damages is also defective because, even if Plaintiffs were entitled to rescind, they did not effectively communicate an election to do so and the mere delivery of a notice of intent to rescind does not render the loan void in any event. Finally, Plaintiffs are judicially estopped from bringing their TILA claims because they failed to disclose them in their bankruptcy proceedings.

#### 1. Plaintiffs' Claim for Rescission is Inadequately Pled.

The purpose of rescission under TILA is to return both parties to the *status quo ante*. *See Yamamoto v. Bank of New York*, 329 F.3d 1167, 1172 (9th Cir. 2003). In order to rescind a mortgage loan, a borrower must return the funds that the lender advanced, with credit given for any fees or interest paid by the borrower. 15 U.S.C. § 1635(b). In the Ninth Circuit, courts have repeatedly held that to state a claim for rescission, plaintiffs must allege that they can and will tender the principal of the loan. *See Yamamoto,* 329 F.3d at 1171 (noting that courts have the power to confirm that the borrower "could repay the loan proceeds before going through the empty (and expensive) exercise of a trial on the merits"); *Farmer v. Countrywide Financial Corp.,* No. 08-1075 AG, 2009 WL 1530973, *5 (C.D. Cal. May 18, 2009) (embracing "the policy that a plaintiff cannot state a claim for rescission under TILA without at least alleging that she is financially capable of returning the principal of the loan.").

1   "Clearly it was not the intent of Congress to reduce the mortgage company to an unsecured
2   creditor or to simply permit the debtor to indefinitely extend the loan without interest." *Guerrero v.*
3   *Citi Residential Lending, Inc.*, No. 08-1878 LJO, 2009 WL 926973, *6-8 (E.D. Cal. Apr. 3, 2009)
4   (citation omitted) (dismissing claim for rescission under TILA where the plaintiff failed to allege
5   that he was capable of tendering the loan proceeds, and expressing serious doubt about plaintiff's
6   ability to do so since he had admitted he was unable to make his mortgage payments); *see also*
7   *Garza v. Am. Home Mortgage*, No. 08-1477 LJO, 2009 WL 188604, *4-5 (E.D. Cal. Jan. 27, 2009)
8   (dismissing TILA rescission claim as "lack[ing] a necessary element" where complaint failed to
9   allege or even "hint" that plaintiff would be able to fulfill her obligation to tender).  Thus, "[a] claim
10  for rescission requires a plaintiff to allege that the plaintiff can or will tender the borrowed funds
11  back to the lender." *Edelman v. Bank of Am, Corp,.* No. 09-00309 CJC, 2009 WL 1285858, *2
12  (C.D. Cal. Apr. 17, 2009) (dismissing rescission claim under TILA because plaintiff failed to allege
13  "that she has tendered or intends to tender the borrowed funds back to Defendants"); *Pagtalunan v.*
14  *Reunion Mortgage Inc.*, No. 09-00162 EDL, 2009 WL 961995, *3 (N.D. Cal. Apr. 8, 2009)
15  ("Plaintiffs' rescission claim fails, because Plaintiffs do not allege that they are willing to repay what
16  they borrowed less finance charges."); *Saavedra v. GMAC Mortgage, LLC*, No. 07-7050 AG,
17  Docket No. 122, slip op. at 5-6 (C.D. Cal. Mar. 31, 2009) ("Plaintiff fails to adequately allege a
18  TILA rescission claim because she does not allege that she can return to Defendants the balance of
19  the loan.").
20  Neither the FAC nor the December 2008 Letter contains any offer to tender the loan
21  proceeds.  Instead, the Letter offers a settlement proposal that would reduce the principal owing on
22  their loan and reduce and fix the interest rate.  Asking a servicer to write off principal and change the
23  terms of the loan does not constitute a valid tender offer.  *See Nichols v. GreenPoint Mortgage*
24  *Funding, Inc.*, No. 08-750 DOC, 2008 WL 3891126. *5 (C.D. Cal. Aug. 19, 2008) ("Rescission is
25  not a means to create highly favorable loan terms for the party seeking rescission.").
26  Incredibly, Plaintiffs not only fail to plead an ability to tender, they actually allege that the
27  loan is void and they should not be required to pay ***anything***.  (FAC ¶¶ 49, 50 ("Plaintiff [*sic*]
28  requests damages from DBNTC in the form of a court order rendering the security instrument of

DBNTC void and ownership of the property (money lent to Plaintiff) vests to the Plaintiff without obligation on their part to pay for it.")).  Such relief is not afforded under TILA.

Plaintiffs' claim for rescission in Count One must be dismissed because they do not allege that they have tendered, or can tender, amounts necessary to complete a rescission.  Indeed, their continued default on the loans is evidence of their inability to do so.

### 2. **Plaintiffs Have Not and Cannot State a Claim for Damages Based on Failure to "Void" the Loan.**

Plaintiffs claim that by failing "to rescind the loan and take the action necessary and appropriate to reflect the termination of the security interest within 20 days after the Plaintiff's rescission of the transaction," the Trust violated TILA and is liable for damages under Section 1640.  (FAC ¶¶ 41, 48).  Plaintiffs' claim fails for two reasons.

First, Plaintiffs incorrectly assume that delivery of a notice of intent to rescind renders "the security interest, promissory note or lien . . . automatically void."  (FAC ¶ 45).[3]  Nothing in TILA establishes that a borrower's "mere assertion of the right to rescission has the automatic effect of voiding the contract."  *Yamamoto*, 329 F.3d at 1172 (quoting *Large v. Conseco Fin. Serv. Corp.*, 292 F.3d 49, 54-55 (1st Cir. 2002)).  On the contrary,  the "natural reading" of § 1635(b) is that the security interest becomes void only when the creditor acknowledges the borrowers' right to rescind or when the appropriate decision maker has determined rescission is warranted.  *Yamamoto*, 329 F.3d at 1172 (quoting *Large*, 292 F.3d at 54-55)).  To accept Plaintiffs' assumption, borrowers could void a security interest ***and***, indeed, the underlying loan contract itself, simply by claiming TILA violations, as Plaintiffs have in this case.  This is not a correct reading of TILA.

Second, even if Plaintiffs were correct, they did not communicate an intent to rescind—they ***threatened*** to rescind the loan ***if*** GMACM did not agree to accede to their demands and modify the terms of their loan.  (FAC Ex. B at 3).  This threat was buried in a generic letter claiming to be a QWR, among other things. Moreover, as discussed above, Plaintiffs' Letter made no offer to tender

---

[3] This statement seems to misunderstand both the law and the fact that a "promissory note" and "security interest" or "lien" are not the same things.  The latter secures the obligations under the former.  TILA says nothing about the promissory note evidencing the debt "becom[ing] automatically void" as Plaintiffs suggest.

7

1  the amounts Plaintiffs owe.  Thus, Plaintiffs' claim for damages based on the Trust's purported

2  failure to "void" the loan fails to state a claim and must be dismissed with prejudice.

3          **3.**        **Plaintiffs are Judicially Estopped from Bringing their TILA Claim.**

4        Plaintiffs' purported TILA claims are also barred by the doctrine of judicial estoppel because

5  they failed to disclose them in their bankruptcy.  (*See* RJN Exs. 1-2).  Judicial estoppel is an

6  equitable doctrine that precludes a party from gaining an advantage by asserting one position, and

7  later taking a clearly inconsistent position to her benefit and to the detriment of another.  *See Rissetto*

8  *v. Plumbers & Steamfitters Local 343*, 94 F.3d 597, 600-01 (9th Cir. 1996).  As the Ninth Circuit has

9  explained, courts invoke judicial estoppel not only to prevent a party from gaining an advantage by

10  taking inconsistent positions, but also because of "general consideration[s] of the orderly

11  administration of justice and regard for the dignity of judicial proceedings," and to "protect against a

12  litigant playing fast and loose with the courts."  *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir.

13  1990).

14        The Ninth Circuit has applied judicial estoppel in the bankruptcy context to prevent plaintiffs

15  from asserting claims they failed to disclose during their bankruptcy proceedings. *See Hamilton v.*

16  *State Farm Fire & Cas. Co.*, 270 F.3d 778, 784 (9th Cir. 2001) ("This court has held that a debtor

17  who failed to disclose a pending claim as an asset in a bankruptcy proceeding . . . was estopped from

18  pursuing such claim in a subsequent proceeding"); *Hay v. First Interstate Bank of Kalispell, N.A.*,

19  978 F.2d 555, 557 (9th Cir. 1992) (holding that failure to give notice of a potential cause of action in

20  bankruptcy schedules estops the debtor from prosecuting that cause of action); *Neighbors v.*

21  *Mortgage Electronic Registration Systems, Inc.*, No. C08-5530 PJH, 2009 WL 192445, at *1 (C.D.

22  Cal. Jan. 27, 2009) (applying judicial estoppel and dismissing plaintiff's statutory and equitable

23  claims where she had failed to disclose them in her bankruptcy petition).

24        Plaintiffs failed to include any claims against GMACM or the Trust on their schedule or

25  amended schedule, dated November 24, 2008 and December 1, 2008, respectively.  (RJN Exs. 1-2).

26  Item 21 of Schedule B specifically requires that debtors list "contingent and unliquidated claims of

27  every nature," and for this item Plaintiffs indicated "none."  (*Id.*)  Plaintiffs now claim the Trust's

28  predecessor violated TILA when it originated the loans in 2006, and that they are entitled to rescind

8

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT**
*Flores v. GMAC Mortgage, et al.*, Case No. 09-CV-01216-GEB-GGH

and the loans are indeed "void." Based on the December 2008 Letter, Plaintiffs were well aware of this alleged TILA claim around the same time they filed their schedules and when the Trustee filed his Report of No Assets, resulting in a discharge. (RJN Ex. 3). Plaintiffs must now be estopped from raising a claim they failed to disclose during their Bankruptcy Proceedings.

### C. Plaintiffs' RESPA Claim (Count Two) Fails as a Matter of Law.

In Count Two, Plaintiffs allege that GMACM and the Trust violated RESPA by failing to respond to their Letter. This claim fails because Plaintiffs' Letter was not a QWR to begin with, GMACM responded in a timely fashion anyway, and Plaintiffs fail to allege they suffered any damages.

RESPA defines a Qualified Written Request as:

> [A] written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that –
> (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and
> (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 U.S.C. § 2605(e)(1)(B). Under section 2605(e)(1), a loan servicer[4] has a duty to "provide a written response acknowledging receipt of the correspondence within 20 days (excluding legal public holidays, Saturdays, and Sundays) unless the action requested is taken within such period." 12 U.S.C. § 2605(e)(1). If action is not taken within the initial 20 days, the servicer has 60 days (excluding holidays and weekends) to respond substantively to a QWR. 12 U.S.C. § 2605(e)(2).

Plaintiffs' RESPA claim fails because their December 2008 Letter was not a QWR. First, a QWR must provide "a statement of the reasons for the belief of the borrower . . . that the account is in error." Plaintiffs' Letter fails to explain Plaintiffs' reason for believing there was any error on the account. Second, the Letter fails to provide sufficient detail about the information being sought as

---

[4] Under RESPA, the term "servicing" is defined to include only "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, including amounts for escrow accounts . . ., and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C. § 2605(i)(3).

9

RESPA requires.  Plaintiffs requested virtually every document that GMACM or MortgageIT would potentially have about the account.  Such a "laundry list" communication does not comply with RESPA, which requires that a borrower provide a servicer with *detail* regarding the specific information sought by the borrower.  12 U.S.C. § 2605(e)(1)(B); *see also Pineda v. GMAC Mortg.*, LLC, No. CV 08-5341 AHM (PJWx), 2008 U.S. Dist. LEXIS 106173, *20-21 (C.D. Cal. Dec. 29, 2008).  As such, the Letter does not constitute a QWR to begin with.

But even if Plaintiffs' December 2008 Letter *was* a QWR, it is dated December 31, 2008 and GMACM sent its response on January 20, 2009.  (FAC Ex. E).  Indeed, the Letter itself indicates on the first page that acknowledgement of receipt is due by January 28, 2009 and a substantive response is due by March 25, 2009.  GMACM sent a timely response acknowledging receipt, enclosing Plaintiffs' payment history and other relevant documents, and requesting follow up if Plaintiffs had any remaining issues or questions.  Thus, even if Plaintiffs' Letter had been a valid QWR, GMACM's response was both timely and substantively proper.

Finally, Plaintiffs have failed to adequately plead any entitlement to damages under RESPA.  To recover damages under RESPA, Plaintiffs must allege that they suffered actual damages resulting from the alleged breach.  12 U.S.C. § 2605(f)(1).  In other words, Plaintiffs must identify pecuniary losses attributable to the alleged violation of RESPA.  *Cortez v. Keystone Bank, Inc.*, No. 98-2457, 2000 WL 536666, *12 (E.D. Pa. 2000).  Further, to recover statutory damages, Plaintiffs must allege that defendants engaged in a "pattern or practice of noncompliance" with RESPA.  12 U.S.C. § 2605(f)(1).  Plaintiffs have failed to allege either basis for damages.  For one, Plaintiffs fail to identify any pecuniary losses they allegedly suffered as a result of Defendants' purported failure to respond to their Letter; nor can they.  Moreover, Plaintiffs fail to allege that GMACM engaged in a "pattern and practice of noncompliance."  *See Cortez*, 2000 WL 536666, *10 n.12 (noting "[a] failure to provide subsequent responses to each of a series of repetitive inquiries form a borrower . . . does not constitute a pattern or practice.").  Accordingly, Count Two must be dismissed with prejudice.

10
**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT**
*Flores v. GMAC Mortgage, et al.*, Case No. 09-CV-01216-GEB-GGH

**D.     Plaintiffs' TILA and RESPA-Derivative UCL Claim (Count Three) Fails as a Matter of Law.**

Count Three seeks relief under the UCL for GMACM and the Trust's alleged violations of TILA and RESPA.  (FAC ¶ 74).  Because Plaintiffs' predicate TILA and RESPA claims fail as a matter of law, their derivative UCL claim must be dismissed as well.

Plaintiffs also allege GMACM violated the UCL when it filed a motion for relief from the automatic stay in Plaintiffs' bankruptcy proceedings, which caused harm to Plaintiffs in the form of the attorney's fees they spent defending GMACM's motion.  (FAC ¶¶ 75-76).  As a general rule, Section 17200 is typically found to encompass an action which constitutes a business practice and "at the same time is forbidden by law."  *Microsoft Corp. v. A-Tech Corp.*, 855 F. Supp. 308, 313 (C.D.Cal. 1994) (quoting *Farmers Ins. Exch. v. Superior Ct.*, 2 Cal. 4th 377, 383, 6 Cal. Rptr. 2d 487, 490-491, 826 P.2d 730, 734 (1992)).  In petitioning for relief from the automatic stay, GMACM was exercising its rights under bankruptcy law and the loan documents, as demonstrated by the bankruptcy court's ruling in GMACM's favor, lifting the automatic stay.  (RJN Ex. 5).  Plaintiffs' contention that such conduct can constitute a violation of the UCL is a non-starter.

In a last ditch effort to sustain a UCL claim of some sort, Plaintiffs assert that GMACM violated the UCL by sending a letter to Plaintiffs explaining that they would need to fill out GMACM's form if they wanted to authorize Plaintiffs' agents, the Mortgage Litigation Consultants, to receive information based on Plaintiffs' Dec. 2008 Letter.  (FAC ¶ 77 and Ex. F).  Nowhere do Plaintiffs explain how this practice is either unfair, unlawful or fraudulent, and thus this UCL allegation also fails as a matter of law.

For these reasons, Plaintiffs' UCL claims fail and Count Three should be dismissed with prejudice.

**E.     Plaintiffs' FCRA Claim (Count Four) Fails as a Matter of Law.**

The basis of Plaintiffs' FCRA claim is that GMACM continued to report Plaintiffs as delinquent on their loan "despite the pending rescission matter."  (FAC ¶ 81).  The section of the FCRA that Plaintiffs purport to rely on states:  "A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to

believe that the information is inaccurate." 15 U.S.C. § 1681s-2(a)(1)(A). "For purposes of subparagraph (A), the term 'reasonable cause to believe that the information is inaccurate' means having specific knowledge, other than solely allegations by the consumer, that would cause a reasonable person to have substantial doubts about the accuracy of the information." 15 U.S.C. § 1681s-2(a)(1)(D). Again, Plaintiffs overestimate the significance of their December 2008 Letter.

First, Plaintiffs' FCRA claim fails as a matter of law because "there is no private right of action for violations of that section of the statute." *Nelson v. Equifax Information Services, LLC*, 522 F. Supp. 2d 1222, 1230 (C.D. Cal. 2007) (granting defendants' motion to dismiss FCRA claims under 1681s-2(a)); *see also Pirouzian v. SLM Corp.*, 396 F. Supp. 2d 1124, 1126 -1127 (S.D.Cal. 2005) (holding plaintiff's FCRA claims "under 15 U.S.C. § 1681s-2(a) fail because there is no private right of action for violations under said provision."). "The FCRA was enacted to ensure that credit reporting agencies use reasonable procedures which ensure fairness, impartiality, accuracy and confidentiality." *Nelson*, 522 F. Supp. 2d at 1230 (citing 15 U.S.C. § 1681). "However, enforcement of specific sections of the Act, like Section 1681s-2(a)'s duty on furnishers to report accurate information, is limited to federal agencies and officials and state officials." *Id*. (citing 15 U.S.C. § 1681s-2(d)).

The Plaintiffs attempt to get around the explicit limitation of section 1681s-2(d) by instead purporting to rely on Section 1681n, which provides that anyone who violates the FCRA is liable for certain damages. However, the Ninth Circuit has already passed on this issue, holding as follows:

> Most of the provisions of § 1681s-2(a) are for the protection of consumers. There would be no doubt that a consumer could sue for their violation under sections 1681n & o were it not for §§ 1681s-2(c) and (d). Subsection (c) expressly provides that sections 1681n & o "do not apply to any failure to comply with subsection (a) of this section, except as provided in section 1681s(c)(1)(B) of this title." The referenced section permits certain suits by States for damages. This limitation on liability and enforcement is reinforced by subsection (d) of § 1681s-2, which provides that subsection (a) "shall be enforced exclusively under section 1681s of this title by the Federal agencies and officials and the State officials identified in that section." ***Consequently, private enforcement under §§ 1681n & o is excluded.***

*Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002) (emphasis added). No matter how Plaintiffs draft their pleading, they have no private right of action and Count Four should be dismissed with prejudice.

More fundamentally, Plaintiffs fail to allege what information GMACM reported to the credit reporting agencies that was inaccurate, or that GMACM had "reasonable cause to believe that the information [was] inaccurate." 15 U.S.C. § 1681s-2(a). A court cannot assume that a plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc.*, 459 U.S. at 526. The Plaintiffs do not allege that GMACM was reporting them as delinquent on their payments even though they were paying, because they cannot. Instead, Plaintiffs contend that GMACM reported their loan "as delinquent despite the pending rescission matter." (FAC ¶ 81). Plaintiffs do not, however, point to any law that dictates that a lender or servicer refrain from reporting a loan as delinquent, when it *is* delinquent, simply because the borrower has sent a demand letter threatening to rescind. The failure to allege any conduct that actually violates the FCRA is fatal to Plaintiffs' claims. Plaintiffs' FCRA claim should accordingly be dismissed with prejudice.

### F. **Plaintiffs' Claim for Breach of the Implied Covenant and Fair Dealing (Count Five) Fails as a Matter of Law.**

Finally, Plaintiffs claim GMACM and the Trust breached the implied covenant of good faith and fair dealing. (FAC ¶¶ 85-98). However, it is well settled that the implied covenant is not recognized in the context of a mortgage loan transaction (which is the only type of transaction at issue here). *See Ralston v. Mortgage Investors Group, Inc.*, No. 08-536 JF, 2009 WL 688858, at *12 (N.D. Cal. Mar. 16, 2009); *Amparan v. Plaza Home Mortgage, Inc.*, No. 07-4498 JF, 2008 WL 5245497, *14 (N.D. Cal. Dec. 17, 2008); *Quezada v. Loan Center of California, Inc.*, No. 08-177 WBS, 2008 WL 5100241, at *8-9 (E.D. Cal. Nov. 26, 2008); *Nichols v. Greenpoint Mortg. Funding, Inc.*, No. 08-750 DOC, 2008 WL 3891126, at *4 (C.D. Cal. Apr. 19, 2008). Where the disputed transactions are typical credit transactions involving an ordinary lender-borrower relationship, as in

13

the present case, tort remedies are unavailable. *Mitsui Mfrs. Bank v. Superior Court*, 212 Cal. App. 3d 726, 729 (4th Dist. 1989).[5]  Count Five should be dismissed with prejudice.

## IV. CONCLUSION

For the reasons set forth above, all claims against GMACM and the Trust should be dismissed with prejudice.

Dated:  August 7, 2009                                    LOCKE LORD BISSELL & LIDDELL LLP


By: /s/ Thomas J. Cunningham
    Thomas J. Cunningham
    Nina Huerta

Attorneys for Defendants
GMAC MORTGAGE, LLC and DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORTGAGEIT 2006

---

[5] Furthermore, as to GMACM, Plaintiffs' implied covenant argument is fatally flawed because there is no contractual relationship between Plaintiffs and GMACM, their loan servicer. *See Lomboy v. SCME Mortg. Bankers*, No. 09-1160 SC, 2009 WL 1457738, (N.D. Cal. May 26, 2009) ("Plaintiff fails to plead the existence of a contract between herself and Aurora. As a loan servicer, Aurora is not a party to the Deed of Trust itself."); *Connors v. Home Loan Corp.*, No. 08-1134 L, 2009 WL 1615989, (S.D. Cal. June 9, 2009) (holding that loan servicer could not be liable for breach of contract because it was not party to any contract with the borrower); *Ruff v. Americans Servicing Co.*, No. 07-0489, 2008 WL 1830182, (W.D. Pa. Apr. 23, 2008) (same)  The implied covenant of good faith and fair dealing does not exist independently; its existence depends on the existence of an underlying contract. *Racine & Laramie, Ltd. v. Dep't of Parks and Recreation*, 11 Cal. App. 4th 1026, 1031, 1032 (1992).

14

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT**
*Flores v. GMAC Mortgage, et al.*, Case No. 09-CV-01216-GEB-GGH