1
2
3
4
5
6
7
8
9
10
11
12

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

13
14
15
16
17
18
19

JOSE FLORES and AMY LYNN FLORES,          )
                              Plaintiffs,  )     2:09-cv-01216-GEB-GGH
                                          )
                    v.                     )     ORDER GRANTING DEFENDANTS'
                                          )     MOTION TO DISMISS[*]
GMAC MORTGAGE; DEUTSCHE BANK               )
NATIONAL TRUST COMPANY as trustee          )
for MORTGAGE IT TRUST 2006,                )
                                          )
                              Defendants.  )
_____)

20      On August 7, 2009, Defendants filed a motion to dismiss

21 Plaintiffs' First Amended Complaint ("FAC") under Federal Rule of

22 Civil Procedure 12(b)(6), for failure to state a claim upon which

23 relief can be granted.  Defendants also argue Plaintiffs are

24 judicially estopped from bringing their TILA claim since Plaintiffs

25 failed to disclose the TILA claim in their bankruptcy proceedings.

26 For the following reasons, Defendants' motion is granted.

27

28      [*]   This matter is deemed suitable for decision without oral
argument.  E.D. Cal. R. 230(g).

# I. **Plaintiffs' Factual Allegations in Their First Amended Complaint**

On January 12, 2006, Plaintiffs Jose and Nancy Flores obtained a loan in the amount of $514,000.00 to purchase the residential property located at 1707 Relvas Court in Folsom, California. (FAC ¶ 10.) MortgageIT acted as lender and GMAC Mortgage LLC serviced the loan. (FAC ¶ 13.) Deutsche Bank National Trust Company now owns MortgageIT. (FAC ¶ 16.) MortgageIT failed to provide Plaintiffs with two copies of their "Notice of Right to Cancel" at the consummation of the loan as required by the Truth in Lending Act ("TILA"). (FAC ¶¶ 25-26.) On December 31, 2008, Plaintiffs sent a letter to Defendants in which they demanded rescission of their loan under the provisions of TILA. (FAC ¶¶ 24, 38; FAC Ex. B.)

Plaintiffs allege the following claims: (1) violation of TILA, 15 U.S.C. §§ 1601 *et seq.*; (2) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601, *et seq.*; (3) violation of California Business and Professions Code section 17200; (4) violation of the Fair Credit Reporting Act ("FCRA"), 12 U.S.C. §§ 1681, *et seq.*; and (5) breach of the implied covenant good faith and fair dealing.

## II. **Legal Standard**

"A Rule 12(b)(6) motion tests the legal sufficiency of a claim." <u>Navarro v. Block</u>, 250 F.3d 729, 732 (9th Cir. 2001). To avoid dismissal, Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). When considering a dismissal motion, all "allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party."

Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002).  However, this "tenet . . . is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. ---, 129 S.Ct. 1937, 1940 (2009).

### III.  Judicial Notice

Defendants request that the Court take judicial notice of the following documents related to Plaintiffs' bankruptcy proceedings: (1) Voluntary Petition for Chapter 7 bankruptcy protection filed by Plaintiffs in the United States Bankruptcy Court, Eastern District of California, Case No. 08-37210, dated November 24, 2008; (2) Amended Schedules B and C, filed in Case No. 08-37210, dated December 1, 2008; (3) the Report of No Assets Case, filed by Bankruptcy Trustee Michael F. Burkhart in Case No. 87-37210, dated December 24, 2008; (4) Motion of Relief from Automatic Stay and Points and Authorities in Support of the Motion, filed in Case No. 08-37210, each dated February 17, 2009 ; (5) the Discharge of Debtor Order in Case No. 08-37210, dated March 3, 2009; and (6) the Order Granting Motion for Relief from Automatic Stay in Case No. 08-37210, dated April 3, 2009.  (Request for Judicial Notice ("RJN") Exs. 1-6.)

"Materials from a proceeding in another tribunal are appropriate for judicial notice." Biggs v. Terhune, 334 F.3d 910, 915 n.3 (9th Cir. 2003).  "[A]mple authority exists which recognizes that matters of public record, including court records in related or underlying cases which have a direct relation to the matters at issue, may be looked to when ruling on a 12(b)(6) motion to dismiss." In re Am. Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996) (collecting cases), rev'd on other grounds by Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998).

Plaintiffs have not objected to Defendants' request for judicial notice. The Court has reviewed the Bankruptcy Docket in Case No. 08-37210, and takes judicial notice of these documents under Federal Rule of Evidence 201 since they are matters of public record. See Pritinik v. Comerica Bank, 2009 WL 3857455, *3 (N.D. Cal. 2009) (taking judicial notice of bankruptcy filings); Rosal v. First Federal Bank of California, -- F. Supp. 2d ---, 2009 WL 2136777, *4 (N.D. Cal. 2009) (taking judicial notice of bankruptcy court filings in support of motion to dismiss under Rule 12(b)(6)); Cobb v. Aurora Loan Services, LLC, 408 B.R. 351, 354 (E.D. Cal. 2009) (considering plaintiff's bankruptcy filings in deciding defendant's motion to dismiss).

## IV.  Analysis

### A.  Judicial Estoppel of Plaintiffs' TILA Claim

Defendants argue Plaintiffs' TILA claims are "barred by the doctrine of judicial estoppel because [Plaintiffs] failed to disclose them in their bankruptcy," and should be dismissed with prejudice. (Mot. to Dismiss 8:4-5.)

"Judicial estoppel, sometimes also known as the doctrine of preclusion of inconsistent positions, precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position." Rissetto v. Plumbers and Steamfitters Local 343, 94 F.3d 597, 600 (9th Cir. 1996). "In the bankruptcy context, a party is judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements." Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 783 (9th Cir.

//

//

2001); see also Hay v. First Interstate Bank of Kalispell, N.A., 978

F.2d 555, 557 (9th Cir. 1992) (holding that the failure to give notice

of a potential cause of action in bankruptcy schedules and disclosure

statements estops the debtor from prosecuting that cause of action).

A court "may" consider three factors in deciding whether to

exercise its discretion in applying the doctrine of judicial estoppel

in a particular case:

> First, a party's later position must be 'clearly
> inconsistent' with its earlier position. Second,
> . . . whether the party has succeeded in persuading
> a court to accept that party's earlier position, so
> that judicial acceptance of an inconsistent
> position in a later proceeding would create 'the
> perception that either the first or the second
> court was misled . . . . [T]hird[,] . . . whether
> the party seeking to assert an inconsistent
> position would derive an unfair advantage or impose
> an unfair detriment on the opposing party if not
> estopped.

Hamilton, 270 F.3d at 782-83 (quoting New Hampshire v. Maine, 532 U.S.

742, 750-51 (2001) (cites and quotations omitted)).

Here, Plaintiffs are taking "clearly inconsistent" positions

by asserting TILA claims against Defendants which they failed to list

as assets on their bankruptcy schedules. Hamilton, 270 F.3d at 784;

(See RJN Exs. 1, 2.) Plaintiffs argue their positions are not

inconsistent since "the claim of rescission was disclosed to the

trustee of the estate" in a letter dated February 20, 2009 attached as

Exhibit A to Plaintiffs' Opposition. (Plts.' Opp'n 16:1-2; Ex. A.)

The Ninth Circuit rejected a similar argument in Hamilton, holding:

> Regardless, notifying the trustee by mail or
> otherwise is insufficient to escape judicial
> estoppel. 11 U.S.C. 521(1) provides that '[t]he
> debtor shall file a list of creditors, and unless
> the court orders otherwise, a schedule of assets
> and liabilities, a schedule of current income and
> current expenditures, and a statement of the

> debtor's financial affairs. [Plaintiffs are]
> required to have amended [their] disclosure
> statements and schedules to provide the requisite
> notice, because of the express duties of disclosure
> imposed on [them] by 11 U.S.C. § 521(1), and
> because both the court and [Plaintiffs'] creditors
> base their actions on the disclosure statements and
> schedules.

Hamilton, 270 F.3d at 784.  Plaintiffs failed to list their TILA claims against Defendants as assets in the bankruptcy proceeding as required by 11 U.S.C. § 521(1).  The absence of these claims as assets was instrumental to the bankruptcy court's decision to issue a "Report of No Assets" and the "Discharge of Debtor" Order.  (RJN Exs. 3, 5.)  Now, however, Plaintiffs take an inconsistent position in this case by seeking to obtain monetary and declaratory benefits based on alleged violations of TILA that should have been disclosed during the pendency of their bankruptcy proceeding.

Additionally, Plaintiffs had knowledge of the facts comprising their TILA claim during the pendency of their bankruptcy.  "Judicial estoppel will be imposed when the debtor has knowledge of enough facts to know that a potential cause of action exists during the pendency of the bankruptcy, but fails to amend his schedules or disclosure statements to identify the cause of action as a contingent asset."  Hamilton, 270 F.3d at 784.  "The Bankruptcy Code and Rule impose upon the bankruptcy debtors an express, affirmative duty to disclose all assets, *including contingent and unliquidated claims*.  The debtor's duty to disclose potential claims as assets does not end when the debtor files schedules, but instead continues for the duration of the bankruptcy proceeding."  Id. at 785 (cites and quotations omitted) (emphasis in original).  Here, Plaintiffs'

counsel demanded rescission of the loan under TILA in the December 31, 2008 letter.  (FAC Ex. B.)  Plaintiffs' bankruptcy discharge was granted on March 3, 2009.  (RJN Ex. 5.)  Accordingly, Plaintiffs had knowledge of the facts comprising their TILA claim during the pendency of their bankruptcy.

Therefore, Plaintiffs are judicially estopped from proceeding on their TILA claims against Defendants, and Defendants' motion to dismiss Plaintiffs' TILA claims with prejudice is GRANTED.

**B.  Real Estate Settlement Procedures Act**

Defendants also seek dismissal with prejudice of Plaintiffs' second claim, in which Plaintiffs allege Defendants violated § 2605(e) of RESPA by failing to provide a proper and timely written response to Plaintiffs' Qualified Written Request ("QWR") sent on December 31, 2008.  Defendants argue Plaintiffs' December 31 letter is not a QWR since it "fails to explain Plaintiffs' reason for believing there was any error on the account."  (Mot. to Dismiss 9:24-25.)

Under RESPA, "If any servicer of a federally related mortgage loan receives a [QWR] from the borrower for information *relating to the servicing of such loan*, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days . . . ."  12 U.S.C. § 2605(e)(1)(A) (emphasis added).  "Not later than 60 days after the receipt [of the QWR] . . . the servicer shall . . . make appropriate corrections [to] the account . . .[, or] provide the borrower with a written explanation . . . of the reasons . . . the account of the borrower is correct . . . [, or] provide the borrower with . . . an explanation of why the information requested is unavailable . . . ."  12 U.S.C. § 2605(e)(2).  "The term 'servicing' means receiving any scheduled periodic payments . . . and making the

payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C. § 2605(i)(3). A QWR is a written correspondence that "includes a statement of the reasons for the belief of the borrower . . . that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B).

Here, Plaintiffs' December 31, 2008 letter does not "relat[e] to the servicing of the loan." 28 U.S.C. § 2605(e)(1). The letter states:

> The loan being serviced is defective. Mr. and Mrs. Flores were provided four copies of the Notice of Right to Cancel (copy attached as Exhibit "b"). It has been determined that the only copies provided to Mr. and Mrs. Flores have blank dates for the date their right of rescission expires. As such, this error of not providing proper copies with the correct dates of the Notice of Right to Cancel, as required by TILA, extends the right to cancel for 3 years.

The letter does not contain a statement of the reasons Plaintiffs believe the account was in error or details regarding other loan servicing information sought by Plaintiffs. In the letter, Plaintiffs "simply disputed the validity of the loan and not its servicing." Consumer Solutions REO, LLC v. Hillery, -- F. Supp. 2d ---, 2009 WL 2711264, *9 (N.D. Cal. 2009) ("That a QWR must address the servicing of the loan, and not its validity, is borne out by the fact that § 2605(e) expressly imposes a duty upon the loan servicer, and not the owner of the loan."). Since Defendants did not "receive[] a [QWR] from [Plaintiffs] for information relating to the servicing of [the] loan," Defendants had no duty to respond to Plaintiffs' letter under 12 U.S.C. § 2605(e)(1)(A). Therefore, Plaintiffs' claim under RESPA

fails, and Defendants' motion to dismiss Plaintiffs' RESPA claim with prejudice is GRANTED.

**C.  Fair Credit Reporting Act**

Defendants also seek dismissal of Plaintiffs' fourth claim alleged under FCRA, arguing "no private cause of action" exists. Plaintiffs argue this claim is premised on 12 U.S.C. § 1681s-2(b), which "is privately enforceable." <u>Nelson v. Chase Manhattan Mortgage Corp.</u>, 282 F.3d 1057, 1060 (9th Cir. 2002).  Plaintiffs allege Defendants violated FCRA by "report[ing] the Flores loan as delinquent despite the pending rescission matter."  (FAC ¶ 81.)  Plaintiffs do not allege what information Defendants reported, to whom they reported the information, whether that information was inaccurate, or what they rely on when they reference "the pending rescission matter." Plaintiffs' "conclusory statements" are insufficient to allege a cognizable claim.  <u>Iqbal</u>, 556 U.S. ---, 129 S.Ct. at 1940.  Therefore, Defendants' motion to dismiss Plaintiffs' FCRA claim is granted.

**D.  California Business and Professions Code Section 17200**

Finally, Defendants seek dismissal of Plaintiffs' third claim, in which Plaintiffs allege Defendants violated California Business and Professions Code section 17200 (the "UCL") by participating in unfair and fraudulent business practices.  Defendants argue "No where do Plaintiffs explain [what] is either unfair, unlawful, or fraudulent . . . ."  (Mot. 11:20-21.)  Plaintiffs allege Defendants are liable under the UCL for violating TILA and RESPA, for filing a motion for relief from the stay in Plaintiffs' bankruptcy case, and for writing a letter dated January 20, 2009 requiring "that any authorization to respond to [QWR's] could only be on their

documentation even though the statute does not allow them to impose
such a demand." (FAC ¶¶ 74, 75, 77.)

//

California's UCL "prohibits specific practices which the
legislature has determined constitute unfair trade practices." Cal-
Tech Commc'ns. Inc. v. L.A. Cellular Telephone Co., 20 Cal. 4th 163,
179 (1999) (quotations and citations omitted). "[A]n action based on
[the UCL] to redress an unlawful business practice 'borrows'
violations of other laws and treats these violations . . . as unlawful
practices, independently actionable under section 17200 *et seq.* and
subject to the distinct remedies provided thereunder." Farmers Ins.
Exchange v. Superior Court, 2 Cal. 4th 377, 383 (1992) (quotations and
citations omitted). "A plaintiff alleging unfair business practices
under [the UCL] must state with reasonable particularity the facts
supporting the statutory elements of the violation." Khoury v. Maly's
of California, Inc., 14 Cal. App. 4th 612, 619 (1993).

Plaintiffs' UCL claim is deficient. Plaintiffs have not
explained how Defendants' filing of a motion for relief from a stay in
a bankruptcy case is an "unlawful, or unfair, or fraudulent" busienss
practice in violation of section 17200. Lippitt v. Raymond James Fin.
Serv., Inc., 340 F.3d 1033, 1043 (9th Cir. 2003). Nor have Plaintiffs
explained how Defendants' requirement that QWR's "be on [Defendants']
documentation" constitutes a violation of the UCL. Finally, the
remainder of Plaintiffs' UCL claim is entirely premised upon other
claims in their FAC which, as stated above, fail to state a claim.
Therefore, Plaintiff's UCL claim is also insufficient to state a
claim, and Defendants' motion to dismiss this claim is GRANTED.

**E.  Breach of Implied Covenant of Good Faith and Fair Dealing**

Defendants also seek dismissal of Plaintiffs' fifth claim for breach of the implied covenant of good faith and fair dealing, arguing "it is well settled that the implied covenant is not recognized in the context of a mortgage loan transaction."  (Mot. 13:19-20.)  Plaintiffs allege Defendants breached the implied covenant of good faith and fair dealing by failing to provide Plaintiffs with the Notice of Right to Cancel and subsequently failing to properly respond to Plaintiffs' QWR.  (FAC ¶¶ 87, 91-92.)

Plaintiffs seek both tort and contract remedies in their breach of the implied covenant of good faith and fair dealing claim.  Under California law, every contract "imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement."  McClain v. Octagon Plaza, LLC, 159 Cal. App. 4th 784, 798 (2008).  However, "[t]he covenant . . . cannot be endowed with an existence independent of its contractual underpinnings.  It cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement."  Guz v. Bechtel Nat'l Inc., 24 Cal. 4th 317, 349-50 (2000) (citations and quotations omitted).  "[T]he implied covenant of good faith is read into contracts in order to protect the express covenants or promises of the contract, not to protect some general public policy interest not directly tied to the contract's purpose."  Carma Dev., Inc. v. Marathon Dev. Cal., 2 Cal. 4th 342, 373 (1992) (quotations omitted).  Additionally, "tort recovery for breach of the covenant is available only in limited circumstances, generally involving a special relationship between the contracting parties. . . ."  Bionghi Metro. Water Dist., 70 Cal. App. 4th 1358, 1370 (1999).  "California courts

have rejected parties' arguments that the tort doctrine which has been extended only to situations where there are unique fiduciary-like relationships between the parties, should encompass normal commercial banking transactions." Connors v. Home Loan Corp., 2009 WL 1615989, *6 (S.D. Cal. 2009) (internal brackets and quotations omitted).

Here, Plaintiffs have not alleged facts showing that Defendants' actions breached any "express covenants or promises of [a] contract." Carma Dev., Inc., 2 Cal. 4th at 373. Nor have Plaintiffs alleged any relationship with Defendants other than the "normal commercial" relationship between borrowers and a lender. Connors, 2009 WL 16159898, *6. Therefore, Plaintiffs have failed to state a claim for breach of the implied covenant of good faith and fair dealing under either contract or tort. Accordingly, Defendants' motion to dismiss Plaintiffs' fifth claim is GRANTED.

## V. **Conclusion**

For the stated reasons, Defendants' motion to dismiss Plaintiffs' TILA and RESPA claims is granted with prejudice. Defendants' motion to dismiss Plaintiffs' FCRA, UCL, and breach of the implied covenant of good faith and fair dealing claims is GRANTED with leave to amend. If Plaintiffs elect to amend the claims dismissed without prejudice, the amended complaint shall be filed within ten (10) days of the date on which this Order is filed.

Dated: February 10, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge